IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **LAURA SOSH-LIGHTSY,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**Dr. SIDNEY McPHEE, in his individual capacity and in his official capacity as President of Middle Tennessee State University; and DR. DANNY KELLEY, in his individual capacity and in his official capacity as the Interim Vice President for Student Affairs and Dean of Students of Middle Tennessee State University,**<br><br>*Defendants.* | ) | **Civil Action No. 3:25-cv-1287**<br>**Judge Richardson** |

**DEFENDANTS' UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT TO LATE-FILE ANSWER**

Pursuant to Fed. R. Civ. P. 6(b) and LR 6.01(a), Defendants Dr. Sidney McPhee and Dr. Danny Kelley—in their individual capacities and in their official capacities as the President and as the Interim Vice President for Student Affairs and Dean of Students, respectively, of Middle Tennessee State University ("MTSU")—move for leave to late-file their Answer to Plaintiff's First Amended Complaint ("Answer"). In seeking leave to late-file their Answer, Defendants have acted in good faith, the impact of the late-filed Answer in these proceedings is minimal, and Plaintiff would suffer no prejudice should the Court grant Defendants leave. Therefore, the Court should grant Defendants' motion for leave to late-file.

## PROCEDURAL BACKGROUND

Defendants filed their Motion to Dismiss on February 24, 2026. Dkt. 27. The Court denied Defendants' motion to dismiss on August 12, 2026. Dkts. 45, 46. Plaintiff's counsel and

Defendants' counsel conferred during the week of September 14, 2026. Plaintiff's counsel was not opposed to allowing Defendants until September 18, 2026, to file their Answer. Thus, Defendants submit the instant Motion and file their Answer herewith.

**ARGUMENT**

Good cause exists to allow Defendants leave to late-file their Answer. Defendants have actively litigated this matter and acted in good faith in seeking to properly correct their oversight regarding the deadline. Moreover, allowing Defendants to file their Answer now would have little, if any, impact on the proceedings before the Court. And Plaintiff would suffer no prejudice.

Rule 6(b) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the [district] court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); see also LR 6.01(a). The "excusable neglect" standard under Rule 6(b) "is a somewhat elastic concept" that "is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Burnswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392 (1993) (internal quotations omitted). In determining whether excusable neglect exists, a court considers: the danger of prejudice to the nonmoving party; the length of the delay and its potential impact on judicial proceedings; the reasons for the delay; whether the delay was within the moving party's control; and whether the moving party acted in good faith. *Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514, 522 (6th Cir. 2006). This "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co*., 507 U.S. at 395. Whether to grant a party's request for leave to late-file a pleading is entrusted to the district court's discretion. *See Morgan*, 165 F. App'x at 428.

Here, the equities favor granting Defendants leave to late-file their Answer. Plaintiff will

suffer no prejudice from this late filing and has agreed to an extension until September 18, 2026. Defendants have acted swiftly and in good faith to file this instant motion and the Answer within three days of getting notice from Plaintiff's counsel of the filing deadline.

Finally, the delay in the filing of the Answer has not caused any impact on the proceedings before this Court. Like Plaintiff, Defendants "have thoroughly litigated this case in good faith" with "virtually no delay in [its] progression." *See Mosholder*, 2020 WL 1171549, at *2 (granting the defendant leave to late-file its answer to the complaint after it "was due almost one year ago"); *see also Morgan*, 165 F. App'x at 428–30 (affirming the district court's determination that excusable neglect existed to allow a defendant to file "almost eight months after [the pleading] was due").

**CONCLUSION**

For these reasons, Defendants respectfully request that this Court grant Defendants' motion for leave to late-file their Answer to Plaintiff's First Amended Complaint.

Date: September 18, 2026

Respectfully submitted,

*/s/ Andrew Denning*
ANDREW DENNING, BPR# 042208
Assistant Attorney General
ZACHARY L. BARKER, BPR# 035933
Senior Assistant Attorney General
JESSICA S. BERK, BPR# 043649
Assistant Attorney General
Constitutional Defense Division
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-8726
Andrew.Denning@ag.tn.gov
Zachary.Barker@ag.tn.gov
Jessica.Berk@ag.tn.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's electronic filing system on this 18th day of September, 2026 to all counsel of record.

Charles P. Yezbak III
Melody Fowler-Green
N. Chase Teeples
Yezbak Law Offices PLLC
P.O. Box 159033
Nashville, TN 37215-9937
Phone: 615-250-2000
Fax: 615-250-2020
yezbak@yezbaklaw.com
mel@yezbaklaw.com
teeples@yezbaklaw.com

*Counsel for Plaintiff*

Tess Medlin Heisserer
EmployLegal
611 Commerce St
Suite 2611
Nashville, TN 37203
(615) 854-9603
theisserer@forceforwork.com

*Counsel for Plaintiff*

*/s/ Andrew Denning*
ANDREW DENNING
Office of the Tennessee Attorney General

*Counsel for Defendants*



Case 3:25-cv-01287 Document 48 Filed 09/18/26 Page 4 of 4 PageID #: 341