**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **LAURA SOSH-LIGHTSY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DR. SIDNEY McPHEE, in his individual capacity and in his official capacity as President of Middle Tennessee State University; and DR. DANNY KELLEY, in his individual capacity and in his official capacity as the Interim Vice President for Student Affairs and Dean of Students of Middle Tennessee State University,**<br><br>**Defendants.** | **Civil Action No. 3:25-cv-1287**<br><br>**Judge Richardson / Frensley**<br><br>**JURY DEMAND** |

**INITIAL CASE MANAGEMENT ORDER**

Under this Court's Order of November 18, 2025, setting an Initial Case Management Conference, [Dkt. 7], and its Orders of January 29, 2026, [Dkt. 23], April 9, 2026, [Dkt. 41], and August 13, 2026, [Dkt. 47], Plaintiff Laura Sosh-Lightsy ("Plaintiff" or "Ms. Sosh-Lightsy"), and Defendants Dr. Sidney McPhee, in his individual capacity and in his official capacity as President of Middle Tennessee State University ("Dr. McPhee"), and Dr. Danny Kelley, in his individual capacity and in his official capacity as Interim Vice President for Student Affairs and Dean of Students of Middle Tennessee State University ("Dr. Kelley") (collectively, "Defendants") (together with Plaintiff, the "Parties"), through counsel, submit their Second Proposed Initial Case Management Order. [*See* Dkt. 38.]

**A. JURISDICTION:** This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). Plaintiff's claims arise under 42 U.S.C. § 1983, a federal statute, 28 U.S.C. § 1331, and seek "[t]o redress the deprivation, under color of any State law, statute,

ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States," *id.* § 1343(a)(3).

**B. BRIEF THEORIES OF THE PARTIES:**

**For Plaintiff:** Ms. Sosh-Lightsy filed suit against Defendants in both their individual and official capacities under 42 U.S.C. § 1983. Plaintiff contends that Defendants violated the First Amendment by, among other things, terminating her employment in retaliation for her protected speech about a matter of public concern.

Plaintiff began working for Middle Tennessee Statute University ("MTSU") in 2004. Ms. Sosh-Lightsy's last role with MTSU was Associate Dean of Student Care and Conduct. MTSU promoted her to that role in 2025.

Conservative political activist Charlie Kirk was murdered on the morning of September 10, 2025. The same evening, beginning at around 7:00 p.m., Plaintiff posted about Mr. Kirk and his murder on her private Facebook page. A former MTSU student saw Ms. Sosh-Lightsy's posts and reposted them to his X account, where Plaintiff's social media posts came to the attention of U.S. Senator Marsha Blackburn.

After Senator Blackburn called on social media for Plaintiff to be fired from her job at MTSU, Ms. Sosh-Lightsy received a call from MTSU. At approximately 10:45 p.m. on September 10—less than four hours after Plaintiff's first social media post about Mr. Kirk and his murder—Defendants terminated her employment. Dr. McPhee also issued a public statement concerning firing Ms. Sosh-Lightsy.

Ms. Sosh-Lightsy contends that her Facebook posts are protected speech. Plaintiff's Facebook posts are speech on a matter of public concern in her capacity as a private citizen, and Ms. Sosh-Lightsy's interest in her speech outweighs any contrary interest of Defendants.

Drs. McPhee and Kelley are not entitled to qualified immunity, because any reasonable government official in their positions would have recognized that firing Plaintiff for her protected speech on a matter of public concern violated clearly established law.

Ms. Sosh-Lightsy seeks damages from Defendants in their individual capacities. Plaintiff seeks injunctive relief in the form of reinstatement from Defendants in their official capacities.

**For Defendants:** After an assassin shot and killed Charlie Kirk at Utah Valley University, Ms. Sosh-Lightsy went online to celebrate. She publicly announced on her Facebook page that she had "ZERO sympathy" for Mr. Kirk given his conservative beliefs and she was glad that Mr. Kirk no longer could advocate his conservative viewpoints. Her posts showed bias irreconcilable with her role at MTSU handling sensitive matters for students of all political stripes, including those who share Mr. Kirk's views.

When Ms. Sosh-Lightsy's posts went viral online, MTSU reasonably determined that her comments would disrupt effective university operations, and they terminated her employment. She now claims that MTSU retaliated against her for engaging in conduct protected by the First Amendment and seeks to hold liable Defendants MTSU President Dr. Sidney McPhee and MTSU Interim Vice President for Student Affairs and Dean of Students Dr. Danny Kelley.

Ms. Sosh-Lightsy's claim fails as a matter of law because she cannot make out the most basic element of a First Amendment retaliation claim—i.e., that she engaged in protected conduct. Her interest in celebrating the silencing of Mr. Kirk's viewpoints did not outweigh MTSU's interest in avoiding disruption on campus. At best, Ms. Sosh-Lightsy had only a minimal interest in sharing her callous speech about Mr. Kirk's murder, while Drs. McPhee and Kelley had substantial bases to conclude that her viral comments would disrupt MTSU's operations. Because Ms. Sosh-Lightsy cannot establish that she engaged in protected conduct, she cannot make out a

claim for First Amendment retaliation.

Even if the Court disagrees about where the balance of interests settles, Drs. McPhee and Kelley are entitled to qualified immunity because state officials are only liable for violations of rights that are clearly established by law. When MTSU terminated Ms. Sosh-Lightsy's employment, no case clearly established that her interest in celebrating Mr. Kirk's death outweighed MTSU's interest in effective operations. Because reasonable minds could at least debate whether the First Amendment protected Ms. Sosh-Lightsy's conduct, qualified immunity bars her claims against Drs. McPhee and Kelley in their individual capacities.

**C. ISSUES RESOLVED:** The Parties agree that this Court has jurisdiction over the Parties and the subject matter, that venue is proper in this Court, and that Plaintiff properly served Defendants with process.

**D. ISSUES STILL IN DISPUTE:** The Parties dispute whether Defendants are entitled to qualified immunity on Ms. Sosh-Lightsy's claims for damages against them in their individual capacities, liability for First Amendment retaliation, and damages.

**E. INITIAL DISCLOSURES:** The Parties shall exchange initial disclosures under Rule 26(a)(1) on or before **October 20, 2026**.

**F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:** The Parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rules 16.02 through 16.05. On or before **January 11, 2027**, the Parties shall submit a joint report confirming that the Parties made a good faith attempt to resolve the case. The joint report shall also state whether the Parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either the joint report or separately, the Parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the

settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

**G. DISCOVERY:** The Parties shall complete all written discovery and depose all fact witnesses on or before **July 12, 2027**. Written discovery should proceed promptly (unless otherwise provided for herein) and shall be served by no later than **November 20, 2026**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the Parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed no later than **June 12, 2027**. In connection with any discovery conference or discovery motion, the applicable Parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response,

as the case may be.

**H. MOTIONS TO AMEND OR TO ADD PARTIES:** Any motions to amend or to add parties shall be filed by no later than **February 8, 2027**, and must comply with Local Rules 7.01 and 15.01.

**I. SUBSEQUENT CASE MANAGEMENT CONFERENCE:** A subsequent case management conference shall be held telephonically on **June 16, 2027, at 9:00 a.m.**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The Parties shall call 1-855-244-8681, at the appointed time. and when prompted for the access code, enter 23139129180# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

**J. DISPOSITIVE MOTIONS:** As provided above, the Parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **August 9, 2027**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed, except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the Parties, counsel, and the Court.

All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio,* #3:19-cv-00530, 2021 WL 2400411 (M. D. Tenn. June 11, 2021), 619 F. Supp. 3d 816 (M. D. Tenn. June 11, 2021) (vacated on other grounds) regarding what should (or should not) be included

in the Summary judgment movant's statement of undisputed material facts," and any party moving for summary judgment is expected to follow Judge Richardson's guidance as detailed in the McLemore opinion.

**K. ELECTRONIC DISCOVERY:** The Parties anticipate reaching an agreement on how to conduct electronic discovery in this matter. Any agreement between the Parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the Parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

**L. MODIFICATION OF CASE MANAGEMENT ORDER:** Any motion to modify the case management order or any case management deadline shall be filed at least 7 days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Rule 16(b)(4).

**M. ELECTRONIC SERVICE:** The Parties agree to service of case-related material not otherwise filed through the Clerk's Office by email attachment in .pdf format in conformance with ECF filing rules, in addition to any other format as agreed, sent via email to opposing counsel, who shall then accept such electronic service of case-related documents in lieu of the delivery of printouts or other physical copies. The Parties shall provide each other with .doc or .docx (Word) versions of any written discovery on request.

**N. ESTIMATED TRIAL TIME AND TAREGT TRIAL DATE:** The **JURY** trial of this action is expected to last approximately 4 days. A target trial date of no earlier than **February 1, 2028**, is respectfully requested.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**